UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 18-00252-01-03 |
| | * | |
| VERSUS | * | |
| | * | |
| BRANT LANDY (01) | * | JUDGE FOOTE |
| MIKE MOSURA (02), and, | * | |
| JULIE LANDRY (03) | * | MAGISTRATE JUDGE HORNSBY |

**UNITED STATES'S FORESEEABLE ISSUES**

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the United States of America, which respectfully provides this list of foreseeable issues:

1.

The Government estimates that its case in chief will not exceed three (3) days.

2.

As of the date of this filing, BRANT LANDY and MIKE MOSURA have accepted a plea offer from the Government. JULIE LANDRY has not entered a plea agreement with the Government. If any of the above-named defendants proceed to trial, the Government requests that before commencement of the trial, the Court confirm on the record that each Defendant is aware of the previously communicated plea offer(s) and have chosen to decline it. See Lafler v. Cooper, 132 S.Ct. 1376 (2012).

3.

The Government will supply any additional Jencks Act material, including grand jury transcripts of Government case-in-chief witness(es) no later than the Friday before trial. The Government will also provide the defense a copy of its exhibits in advance of trial in accordance with this Court's Pretrial Scheduling Order.

4.

The Government is not aware of any discovery issues and has provided Rule 16 discovery to Defendants. To date, no defendants have produced any reciprocal discovery to the Government.

5.

The Government is willing to enter into stipulations of fact and exhibits where the parties are able to agree. The Government will propose stipulations for consideration by the Defendants.

6.

The Government intends to call the followings witnesses as experts in its case-in-chief: (1) the laboratory chemist who examined and analyzed the controlled substances (anabolic steroids); (2) a computer forensic examiner the discuss the methods and processes utilized to retrieve, preserve, and examine computer evidence seized by law enforcement; and (3) a law enforcement official to discuss the methods and tools of illegal drug trafficking, quantities of anabolic steroids that are consistent with distribution, the methods that anabolic steroids are procured overseas sources and manufactured, and the street value of anabolic steroids for the Shreveport area.

The Government will file a formal Rule 16 Expert Notice and provide curricula vitae prior to trial.

7.

The Government will seek to introduce and publish to the jury certain physical evidence at trial to include, but not limited to, firearms, ammunition, seized controlled substances, pill mixer and pressing aparatus, and packaging materials, and computer evidence. The Government will move to admit in the record photographs in lieu of some of the physical evidence.

8.

In addition to anabolic steroids, law enforcement seized other controlled substances from the Defendant's residence and automobile including, but not limited to, Xanax. Because the other controlled substances were seized from the Defendant's residence and automobile where the anabolic steroids were seized, such evidence is *res gestae* and is not subject to the strictures of Fed.R.Evid. 404(b).

10.

Forfeiture as alleged in the Indictment should be bifurcated for trial purposes. See Fed. R. Crim. Proc. 32.2(b)(5). The Government will provide a redacted copy of the Indictment for use by the Court and jury. If convicted, the Defendants may choose to have the forfeiture tried by the jury or by the Court. The Government hereby notifies the court that if the Defendants are found guilty of relevant counts in the Indictment, the Government will not request that the jury be retained to determine the forfeitability of property or assets as authorized by Federal Rule of

Criminal Procedure 32.2(b)(5)(A).

11.

The Government will notify the Court and counsels for Defendants if any other foreseeable issues arise.

Wherefore, the United States prays that this list of foreseeable issues be found acceptable.

        Respectfully submitted,

        DAVID C. JOSEPH
        UNITED STATES ATTORNEY

By:   */s/ Earl M. Campbell*
       Earl M. Campbell (LA Bar #25957)
       Assistant United States Attorney
       300 Fannin Street, Suite 3201
       Shreveport, LA 71101
       (318) 676-3600